**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RAFAEL CARRILLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-12-CV-222-KC** |
| | § | |
| **JP MORGAN CHASE BANK, N.A., et al.,** | § | |
| | § | |
| | § | |
| **Defendants.** | | |

## ORDER

On this day, the Court considered Plaintiff Rafael Carrillo's "Motion to Remand" ("Motion"), ECF No. 4.  For the reasons set forth below, the Court **GRANTS** the Motion.

## I.      BACKGROUND

In June of 1997, Plaintiff executed a real estate note payable to Pacific Southwest Bank ("Note").  Def. JPMorgan Chase Bank, N.A.'s Notice of Removal Ex. A-2 ("Complaint"), at 2, ECF No. 1-1.  At the same time, Plaintiff executed a deed of trust for the property located at 4115 Cumberland Avenue, El Paso, Texas 79903 (the "Cumberland Property") to secure the Note.  Compl. 2-3.  At some later unknown time, Pacific Southwest Bank allegedly transferred the Note to JPMorgan Chase Bank, N.A., or to Chase Home Finance LLC.  Compl. 2.

Plaintiff alleges that JPMorgan Chase Bank, N.A., Chase Home Finance LLC, and Chase Manhattan Mortgage Corporation, N.A., directed Beverly Mitrisin, Melissa McLain, and Charles Thomas Nation as substitute trustees (collectively, the "Substitute Trustees") to publicly sell the Cumberland Property on June 5, 2012.  *See* Compl. 3.

1

To avoid that sale, Plaintiff filed this lawsuit in the 448th District Court of El Paso County, Texas, on May 31, 2012.  Compl. 6.  Plaintiff alleges that JPMorgan Chase Bank, N.A., Chase Home Finance LLC, and Chase Manhattan Mortgage Corporation, N.A. (collectively "JPMorgan") failed to give Plaintiff twenty days to cure the alleged default as required by Texas Property Code section 51.002.[1]  Compl. 3.  Further, Plaintiff asserts that JPMorgan improperly calculated the amount due on the mortgage and wrongly charged Plaintiff for fees that the Deed of Trust does not provide for.  Compl. 3-4.  Moreover, JPMorgan and the Trustees have allegedly refused to accept Plaintiff's mortgage payments.  *See* Compl. 4.  Finally, Plaintiff maintains that JPMorgan failed to properly designate the Substitute Trustees, and has never shown that it is the proper holder of the Note with the right to foreclose on the Cumberland Property.  Compl. 4.  According to Plaintiff, the sum of "[t]hese irregularities and deficiencies make this attempted foreclosure by the Substitute Trustee's sale wrongful and illegal."  Compl. 4.

In his Complaint, Plaintiff sought a temporary restraining order, a temporary injunction, and "such other and further relief to which the Plaintiff may be justly entitled."  Compl. 5.  On the same day that Plaintiff filed his lawsuit, the 448th District Court of El Paso County issued a Temporary Restraining Order preventing the public sale of Plaintiff's property after Plaintiff posted a $500 bond.  Def. JPMorgan Chase Bank, N.A.'s Notice of Removal Ex. A-4, at 2, ECF No. 1-1; *see* Def. JPMorgan Chase Bank, N.A.'s Notice of Removal Ex. A-5, ECF No. 1-1.

---

[1]     JPMorgan Chase Bank, N.A. maintains that it was the successor in merger to Chase Manhattan Mortgage Corporation, which Plaintiff improperly sued as "Chase Home Finance, LLC," and "Chase Manhattan Mortgage Corporation, N.A."  Def. JPMorgan Chase Bank, N.A.'s Notice of Removal 1, ECF No. 1. Plaintiff does not appear to dispute JPMorgan's explanation of the corporate entities.  *See* Mot. 1-2 (treating JPMorgan as one entity).  Given that the technicalities of the corporate structures are not at issue in this Order, the Court uses the short name "JPMorgan" solely to simplify the Order.

On June 11, 2012, JPMorgan removed the case to this Court based on diversity jurisdiction.  Def. JPMorgan Chase Bank, N.A.'s Notice of Removal ("Notice of Removal") 4-5, ECF No. 1.  In the Notice of Removal, JPMorgan argues that there is complete diversity because JPMorgan is a citizen of Ohio and Plaintiff is a citizen of Texas.  *Id.*  And although the Substitute Trustees are also citizens of Texas, JPMorgan argues that the Court should disregard the Substitute Trustees because Plaintiff improperly joined them.  *See id* at 5.

On June 21, 2012, JPMorgan filed a motion to dismiss arguing that Plaintiff had failed to state a claim against JPMorgan.  JPMorgan Chase Bank, N.A.'s Mot. to Dismiss for Failure to State a Claim ("Motion to Dismiss") 2-3, ECF No. 3.  One day later, and within the thirty day window for a motion to remand, Plaintiff filed this Motion arguing that the Court lacked subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); Mot. 1, 3.

## II.    DISCUSSION

### A.    Standard

 By statute, a defendant may remove a case to the federal district court, in the division embracing the place where such action is pending in state court, if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  If a party challenges removal, and the defect is non-jurisdictional, then the party must file a motion to remand "within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  However, this thirty day window does not apply if the defect is jurisdictional.  *Id.*  A district court must remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case.  *Id.*

When a party challenges removal, the burden is on the removing party.  *Gasch v.*

*Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).  Because removal deprives the state court of the opportunity to hear a case properly before it, removal raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995).  These federalism concerns mandate that federal courts strictly construe the removal statutes.  *See Shamrock Oil*, 313 U.S. at 108-09; *Gasch*, 491 F.3d at 281; *Carpenter*, 44 F.3d at 365-66.  Therefore, federal courts should resolve any doubts about the propriety of removal in favor of remand.  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citing *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)); *Gasch*, 491 F.3d at 281-82.

### B.    Plaintiff's Motion to Remand

In his Motion, Plaintiff argues that this Court lacks subject matter jurisdiction, and thus removal was improper.  Mot. 3.  Specifically, Plaintiff argues that diversity jurisdiction does not exist because Plaintiff properly joined a non-diverse defendant and the amount in controversy does not exceed $75,000.  Mot. 2-3.  JPMorgan responds that Plaintiff improperly joined three non-diverse defendants and the amount in controversy exceeds $75,000.  JPMorgan Chase Bank N.A.'s Resp. to Pl.'s Mot. to Remand ("Response") 3-5, ECF No. 6.

A defendant can remove a case to federal court only if the plaintiff could have originally filed the case in federal court.  28 U.S.C. § 1441(a); *Caterpillar*, 482 U.S. at 392.  District courts have original jurisdiction where the complaint presents a federal question or where the parties are diverse and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331-32.

In this case, the Complaint contains no federal question.  *See generally* Compl.

Therefore, the Court will only have original jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332; *Caterpillar*, 482 U.S. at 392.  Accordingly, the Court turns first to examine the diversity of citizenship of the parties.

Plaintiff and Defendants Beverly Mitrisin, Melissa McLain, and Charles Thomas Nation, i.e. the Substitute Trustees, are all citizens of Texas.  *See* Resp. 2; Notice of Removal 2-4.  Thus, the Substitute Trustees appear to destroy diversity jurisdiction and prevent removal.  *See* 28 U.S.C. §§ 1332, 1441(a); *Exxon Mobil*, 545 U.S. at 553 (explaining that "a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action").

In addition to the requirement that the parties have diverse citizenship, 28 U.S.C. § 1441(b) has a procedural requirement that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392, 396 (5th Cir. 2009).  Known as the "forum-defendant rule," this provision prevents removal if the plaintiff sues a properly joined defendant in his home state court, even if the parties are citizens of different states.  *See* 28 U.S.C. § 1441(b)(2); *In re 1994 Exxon Chem. Fire*, 558 F.3d at 392.  In this case, Plaintiff sued the Substitute Trustees in their home state of Texas.  *See* Notice of Removal 1, 4.  Therefore, removal appears improper both because the Substitute Trustees and Plaintiff are all citizens of Texas and because Plaintiff sued the Substitute Trustees in their home state of Texas.

To avoid this analysis, JPMorgan argues that the Court should disregard the Substitute Trustees because Plaintiff improperly joined them.  Resp. 3-5.  If Plaintiff improperly joined the

Substitute Trustees, then removal was likely proper because Plaintiff and JPMorgan have diverse citizenship and Plaintiff did not sue JPMorgan in its home state of Ohio.  Notice of Removal 4.  Thus, the issue in this case is whether JPMorgan has shown that Plaintiff improperly joined the Substitute Trustees.

The Fifth Circuit has recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse and/or in-state defendant.  *See Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006); *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).  Here, JPMorgan does not allege any fraud, and thus the Court turns to the second prong of the test for improper joinder.

In evaluating improper joinder under the second prong, the "threshold question . . . is whether 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against'" the improperly joined defendant.  *See Gasch*, 491 F.3d at 281 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).  The removing party bears the "heavy burden of proving" that the plaintiff could not reasonably recover against the improperly joined party.  *See id.*; *Smallwood*, 385 F.3d at 574.  And in determining whether the defendant has met that heavy burden, the court construes "all contested factual issues and ambiguities of state law in favor of the plaintiff."  *Gasch*, 491 F.3d at 281 (citing *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)).

In this case, JPMorgan argues that Plaintiff cannot reasonably recover against the Substitute Trustees because Plaintiff's only claim in this lawsuit is a claim for attempted wrongful foreclosure, and attempted wrongful foreclosure is not a viable claim under Texas law.

Resp. 5 (citing *Owens v. BAC Home Loans Servicing, L.P.*, Civ. A. No. H-11-2742, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011)).  Thus, according to JPMorgan, Plaintiff improperly joined the Substitute Trustees to prevent removal.  Resp. 6.

The problem with JPMorgan's argument is that it questions the validity of the entire lawsuit, not just the claim against the Substitute Trustees.  The Fifth Circuit has explained that a defendant cannot use a defense or defect that applies to all the defendants to support a claim that Plaintiff improperly joined one of the defendants.  *See Smallwood*, 385 F.3d at 575 (relying on *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 153 (1914)); *Gasch*, 491 F.3d at 283-84 (applying *Smallwood* to reject an improper joinder argument); *see also Davila v. Am. Home Prods. Corp.*, Civ. EP-03-CA-279(KC), 2004 WL 557176 (W.D. Tex. Feb. 3, 2004) (applying *Smallwood* to reject an improper joinder argument and remanding the case).  This rule is known as the "common defense rule," and several circuits have adopted it.[2]  *See Walton v. Bayer Corp.*, 643 F.3d 994, 1001 (7th Cir. 2011) (Posner, J.) (recognizing the common defense rule, but holding that it was inapplicable); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044-45 (9th Cir. 2009) (agreeing with the Fifth Circuit that a common defense cannot establish improper joinder); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112-13 (3d Cir. 1990) (holding that *Cockrell* compelled the common defense rule); *see also* E. Farish Percy, *Making A Federal Case of It:*

---

[2]     Although coined the "common defense rule," the rule does not just encompass affirmative defenses, but also includes defects like insufficient allegations to state a viable claim.  *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 283-84 (5th Cir. 2007).  One commentator has suggested the name should be the "common defense or defect rule."  E. Farish Percy, *Making A Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder*, 91 Iowa L. Rev. 189, 234 (2005).

*Removing Civil Cases to Federal Court Based on Fraudulent Joinder*, 91 Iowa L. Rev. 189, 235-

38 (2005) (addressing the criticisms of the common defense rule and arguing that the criticisms

lack merit).  The rationale for the common defense rule is simple: if the defense would compel

dismissal for all the defendants, then the defense shows that the plaintiff's case as a whole is "ill

founded," not that the joinder was a "sham."  *Smallwood*, 385 F.3d at 575; *see also McDonal v.*

*Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) ("Such an allegation of improper joinder is more

properly an attack on the merits of the claim, rather than an inquiry into the propriety of the

joinder of the local party.").

The common defense rule applies in this case.  According to JPMorgan, Plaintiff has only

one claim in this lawsuit — a claim for attempted wrongful foreclosure — that JPMorgan

maintains is not viable under Texas law.  Resp. 5.  Thus, if JPMorgan is correct about Texas law,

then Plaintiff does not have a viable claim for attempted wrongful foreclosure against either the

Substitute Trustees or JPMorgan.  In other words, JPMorgan's argument suggests that there is a

common defect that applies to all of the Defendants, not just to the Substitute Trustees.

Ironically, JPMorgan recognized the commonality.  In its Motion to Dismiss, JPMorgan makes

the exact same argument about the non-existence of a claim for attempted wrongful foreclosure

that it uses to justify improper joinder.  *Compare* Mot. to Dismiss 6 *with* Resp. 5.

Because the attempted wrongful foreclosure argument is equally applicable to all the

Defendants, JPMorgan has not carried its burden of proving that Plaintiff improperly joined the

Trustees.[3]  *See Gasch*, 491 F.3d at 283-84; *Smallwood*, 385 F.3d at 575*; see also Cockrell*, 232

---

[3]       To be clear, the Court takes no position on whether Plaintiff has indeed pleaded
a claim for attempted wrongful foreclosure, or perhaps alternatively a claim for
wrongful acceleration.  Nor does the Court take a position on whether JPMorgan

U.S. at 153 ("[T]he showing manifestly went to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all the defendants. Plainly, this was not such a showing as to engender or compel the conclusion that the two employees were wrongfully brought into a controversy which did not concern them."). Accordingly, the presence of the Substitute Trustees in this lawsuit destroys diversity jurisdiction and mandates remand because the Substitute Trustees and Plaintiff are all citizens of Texas. *See* 28 U.S.C. §§ 1332, 1447(c); *Exxon Mobil*, 545 U.S. at 553. Additionally, the forum-defendant rule mandates remand because Plaintiff sued the Substitute Trustees in their home state of Texas and timely moved for remand. *See* 28 U.S.C. §§ 1441(b), 1447(c). Under both grounds, remand is appropriate. *See* 28 U.S.C. § 1447(c).

## III.     CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand, ECF No. 4, and **REMANDS** the case back to 448th District Court of El Paso County, Texas.

The Clerk shall close the case.

---

is correct that attempted wrongful foreclosure is not a viable claim under Texas law. The Court only holds that if JPMorgan is correct in its propositions of law and fact, then the argument is a common defect that cannot support improper joinder under *Smallwood*, *Gasch*, and *Cockrell*. The Court leaves the substantive issues about Plaintiff's Complaint and Texas law for the state court to consider if they arise after remand. The Court notes though that if JPMorgan is incorrect about the viability of a claim for attempted wrongful foreclosure, or if Plaintiff has actually pleaded a viable claim for wrongful acceleration, then remand here is still appropriate because Plaintiff would appear to have a viable claim against the Substitute Trustees.

**SO ORDERED**.

**SIGNED** on this 9th day of August, 2012.


KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE